B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Louisiana Workforce Commission (LWC) | Kenyetta Serelle Long |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Stacey Wright-Johnson, LWC, 1001 N. 23rd Street, BR, LA 70802 225-326-6094 | Adrea M. Jeanmarie |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Objection to dischargeability of indebtedness pursuant to 11 U.S.C. Section 523.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $5,160.25 |

Other Relief Sought: To have the $5,160.25 the defendant owes the plaintiff for fraudulent UI overpayments declared nondischargeable in lead bankruptcy case no. EDLA-20-11085.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>*Kenuetta Jerelle Long* | BANKRUPTCY CASE NO.<br>*20-11085* | |
| DISTRICT IN WHICH CASE IS PENDING<br>*EDLA* | DIVISION OFFICE<br>*New Orleans* | NAME OF JUDGE<br>*Jerry A. Brown* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Stacey Wright-Johnson* | | |
| DATE<br>*August 21, 2020* | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>*Stacey Wright Johnson* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 20-11085** |
| **KENYETTA JERELLE LONG** | § | |
| *Debtor* | § | **Chapter 7** |
| | § | **Judge Jerry A. Brown** |
| | § | |
| **LOUISIANA WORKFORCE COMMISSION** | § | |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **Adv. No.** |
| | § | |
| **KENYETTA JERELLE LONG** | § | |
| *Defendant* | § | |

## <u>COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS</u>
## <u>(11 U.S.C. §523)</u>

*NOW INTO COURT COMES* Plaintiff, by and through its undersigned attorney of record, to

allege and complain as follows:

## I.   PARTIES AND JURISDICTION

    a.   Plaintiff, the Louisiana Workforce Commission ("LWC"), is a governmental agency

of the State of Louisiana.

    b.   Defendant, Kenyetta Jerelle Long ("Kenyetta Long"), is a named debtor in the above-

captioned proceeding.

    c.   This is an action under 11 U.S.C. §523(a)(2) for a determination excepting the

Plaintiff's debt from discharge.

    d.   This Court has jurisdiction of this action as a civil proceeding arising under the United

States Bankruptcy Code and arising in a case commenced under the Bankruptcy Code.

This complaint is a core proceeding to the Bankruptcy matter.

e.   The Defendant filed a Voluntary Petition for relief under Chapter 13 of the United States Bankruptcy Code on June 17, 2020, in the United States Bankruptcy Court for the Eastern District of Louisiana.[1]

f.   Having paid monetary benefits to Debtor, which have yet to be repaid, and which are the subject matter of this complaint, the Plaintiff is a creditor in this bankruptcy proceeding.[2]

g.   The Louisiana Workforce Commission is not listed as a creditor in the Voluntary Petition. The LWC is likewise not identified as a nonpriority, unsecured creditor in the Schedule E/F.[3]

h.   The Plaintiff's records show the Defendant owes the agency $5,160.25 for fraudulent Unemployment Insurance benefit ("UI benefit") overpayments.[4]

i.   On August 10, 2020, the Plaintiff filed a Proof of Claim in the underlying proceeding for $5,160.25, representing the total amount due and owing.

## II.   FACTS

**THE DEFENDANT RECEIVED UNEMPLOYMENT INSURANCE BENEFITS FROM THE LWC BY FALSE PRETENSES, FALSE REPRESENTATION AND/OR ACTUAL FRAUD UNDER 11 U.S.C. §523(a)(2)**

j.   The Plaintiff re–alleges and incorporates by reference all the allegations set forth in paragraphs a. through i., above.

k.   Weekly benefits under La. R.S. 23:1600 were filed on the claim. Assertions that the claimant was unemployed, that she had no earnings from employment and/or that all earnings were being accurately reported, were reported to the LWC.

---

[1] See Lead Case No. 20-11085, Rec. Doc. 1.
[2] See Exhibit 1, which is incorporated hereto as an *in globo* exhibit.
[3] See Lead Case No. 20-11085, Rec. Docs. 1 and 7.
[4] Exhibit 1.

l.   In order to receive weekly UI benefits, the Defendant's social security number was provided, and a pin number was selected to certify eligibility for benefits.

m.  The representations of benefit eligibility were re-alleged in every week the LWC paid UI benefits on the Defendant's claim.

n.   The Plaintiff reasonably and detrimentally relied on the truthfulness of the representations.

o.   To determine whether a claimant has received UI benefits by false pretenses, false representation of information or by fraudulently not reporting wages or under-reporting wages; Investigators are required to monitor each week that a claimant received benefits.

p.   If the claimant's earnings are paid weekly by the employer, three consecutive weeks are reviewed; If the claimant earnings are paid weekly by the employer, three consecutive weeks are reviewed; if the claimant's earnings are paid bi-weekly or bi-monthly, four consecutive weeks are reviewed. This method of investigation was done in the case of Kenyetta Long by LWC Investigator Robin Ibos.

q.   The record shows Kenyetta Jerelle Long applied for and received regular UI benefits from the Louisiana Workforce Commission with a weekly benefit amount of $258.00 per week for the weeks ending May 31, 2008, through November 22, 2008, during the benefit year beginning May 18, 2008, to the benefit year ending date, May 16, 2009.

r.   The Investigation Unit received a request to investigate Ms. Long's UI claim for benefits on August 18, 2009, indicating she may have been working for Novatech Solutions at the time she received UI benefits from the LWC.

s.  An Affidavit of Earnings was sent to Novatech Solutions on August 18, 2009, requesting all weekly and/or bi-weekly wages Ms. Long earned from the week ending July 12, 2008, through November 29, 2008.

t.  On July 31, 2009, the LWC's Investigation Unit received an Affidavit of Earnings from Novatech Solutions, which indicated the Defendant was employed from July 17, 2008, through January 30, 2009, earning $12.00 per hour.

u.  The weeks Ms. Long earned wages were compared to the weeks she received unemployment benefits from the LWC. See below:

| Week Ending Date | Ms. Long Reported | Gross Earnings Reported by Novatech Solutions |
|---|---|---|
| 1.  07/19/2008 | $0 | 288.00 |
| 2.  07/26/2008 | $0 | $665.00 |
| 3.  08/02/2008 | $0 | $728.00 |
| 4.  08/09/2008 | $0 | $660.00 |
| 5.  08/16/2008 | $0 | $678.00 |
| 6.  08/23/2008 | $0 | $516.00 |
| 7.  08/30/2008 | $0 | $588.00 |
| 8.  09/06/2008 | $0 | $240.00 |
| 9.  09/13/2008 | $0 | $243.00 |
| 10. 09/20/2008 | $0 | $665.00 |
| 11. 09/27/2008 | $0 | $462.00 |
| 12. 10/04/2008 | $0 | $579.00 |
| 13. 10/11/2008 | $0 | $687.00 |

| 14. 10/18/2008 | $0 | $552.00 |
|---|---|---|
| 15. 10/25/2008 | $0 | $642.00 |
| 16. 11/01/2008 | $0 | $656.00 |
| 17. 11/08/2008 | $0 | $602.00 |
| 18. 11/15/2008 | $0 | $687.00 |
| 19. 11/22/2008 | $0 | $660.00 |

v.  On August 18, 2009, a request for information was sent to Ms. Long, advising her she may have received benefits for which she was not entitled.

w.  The Defendant was asked to provide a statement as to why correct wages were not reported and to provide check stubs for the period of July 12, 2008, through November 29, 2008, that she earned with Novatech Solutions.

x.  Ms. Long was given until August 28, 2009 to respond to the request.

y.  The Defendant was informed in the letter that if she failed to respond, a determination would be rendered with available information.

z.  Ms. Long had an opportunity to dispute the findings of the LWC's Investigation Unit and the evidence that was sent in by Novatech Solutions.

aa. The evidence in the record shows Ms. Long did not respond to the request for information.

bb. The Defendant worked 19 weeks while fraudulently receiving UI benefits from the LWC.  The LWC paid Ms. Long $258.00 per week on the UI benefit claim while she worked for Novatech Solutions.

cc. A fraud determination was rendered on January 18, 2010, indicating Ms. Long received UI benefits fraudulently.

dd. Due to her dishonesty, Ms. Long was disqualified for all of the weeks she received UI benefits from the LWC.

ee. A 52-week penalty disqualification beginning January 24, 2010, and ending January 22, 2011, was assessed, which would have prevented the Defendant from receiving benefits within the aforementioned time.

ff. The Defendant had 15 days to appeal the LWC's fraud overpayment determination before the agency started charging her on the overpayment balance.

gg. The fraud determination was established on January 15, 2010, indicating Ms. Long received UI benefits fraudulently.[5]

hh. An assessment was entered on January 30, 2010, pursuant to La. R.S. 23:1741. Under La. R.S. 23:1748, the assessment is tantamount to and equivalent to a judgment.

ii. Louisiana Employment Security Law sets forth requirements an individual must meet and rules and regulations that an individual must follow to be eligible for UI benefits.

jj. When an employee receives UI benefits by fraud, the LWC suffers a financial loss because the agency pays on an illegitimate claim and the agency must, in turn, reimburse the employer taxes it paid because of the fraud.

kk. The LWC's records clearly show Kenyetta Jerelle Long received UI benefits fraudulently in the principal amount of $4,902.00, while employed with Novatech Solutions. In addition, she has been assessed a $1,075.25 penalty.

ll. Ms. Long has reimbursed the LWC $817.00, there were no other offsets, cancellations, waivers or write offs, therefore, total overpayment balance, including penalty, is $5,160.25.

---

[5] Exhibit 1.

III.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court determines:

mm.    The actions of Defendant with respect to Plaintiff and Plaintiff's claim lies within

the purview of §523(a)(2)(A) for money obtained by false pretenses, false

representation, and/or actual fraud; and

nn. The $5,160.25 debt be exempted from discharge in bankruptcy.

**DATED THIS THE 21ˢᵗ day of August 2020**

Respectfully submitted,

LOUISIANA
WORKFORCE
COMMISSION
The Department of Labor

By: _____
**Stacey Wright-Johnson**
**LSBA #27331**
**1001 North 23ʳᵈ Street**
**Baton Rouge, LA 70802**
**(225) 831-2592 (Phone)**
**(225) 342-7596 (Fax)**
**ATTORNEY FOR PLAINTIFF**